IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                       No. CR 04-593 JB

REFUGIO CASTANEDA-MARQUEZ,

    Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the United States' argument during Sentencing of Refugio Castaneda-Marquez on September 21, 2004 regarding the appropriate base offense level enhancement. The primary issue is whether the Defendant's prior conviction of simple possession of marihuana warrants a base-level increase of 8 as an "aggravated felony", pursuant to the United States Sentencing Guidelines ("U.S.S.G") § 2L1.2(b)(1)(C), or whether the prior conviction constitutes a felony drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(B), resulting in a base level increase of 12 levels. At the sentencing hearing, the Court sentenced the Defendant according to an 8 level increase based on his prior conviction for an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The purpose of this Memorandum is to more fully explain the sentence ordered at the hearing.[1]

## PROCEDURAL BACKGROUND

On August 9, 1993, the Defendant, a Mexican citizen, was convicted of a felony, Unlawful

---

[1] Because of the press of business, the Court was unable to complete this opinion before it entered its judgment. This opinion does not change the Court's decision but is merely intended to explain more fully in writing some of the reasons that the Court orally gave at the sentencing.

Possession of Marihuana Over 5 Pounds and Under 50 Pounds, in the 243rd District Court, Cause No. 70396 in El Paso Texas. The Texas state court sentenced the Defendant to 10 years imprisonment, which the state court then suspended. The state court then placed the Defendant on ten years probation, ending on August 8, 2003. The Defendant was deported to Mexico.

Border Patrol agents arrested the Defendant near Deming, New Mexico on February 24, 2004 and charged him with Reentry of Deported Alien Previously Convicted of an Aggravated Felony, 8 U.S.C. § 1326(a)(1)-(2), (b)(20). The Defendant pled guilty on March 25, 2004.

At the sentencing hearing, the Presentence Investigation Report ("PSR") increased the Defendant's base offense level by 8 because of the Defendant's prior aggravating felony under U.S.S.G. § 2L1.2(b)(1)(C). The United States objected to the offense level computation, arguing that the proper categorization of the prior conviction should be as a felony drug trafficking offense pursuant to U.S.S.G. § 2L1.2(b)(1)(B), thereby requiring a base offense level increase of 12 levels. The United States cited and relied upon the Honorable Patrick E. Higginbotham Circuit Judge's opinion in United States v. Caicedo-Cuero, 312 F.3d 697 (5th Cir. 2002), but concede the case is against its position. Nevertheless, the United States Attorney's Office maintains that a 12-level increase is warranted. See Transcript of Sentencing Hearing at 141:2-7.[2]

The Court entered a sentence that included an 8-level enhancement for the prior conviction for simple possession, as required by U.S.S.G. § 2L1.2(b)(1)(C).

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

## LAW ON SIMPLE POSSESSION

### I. SIMPLE POSSESSION IS AN AGGRAVATED FELONY.

In United States v. Cabrera-Sosa, 81 F.3d 998 (10th Cir. 1996), the United States Court of Appeals for the Tenth Circuit held that a state felony conviction for simple possession constituted an "aggravated felony" for purposes of the pre-2001 version of § 2L1.2. The Tenth Circuit reached this conclusion by first noting that the application notes to § 2L1.2(b) specifically incorporated the definition of "aggravated felony" currently set out in 8 U.S.C. § 1101(a)(43). See United States v. Cabrera-Sosa, 81 F.3d at 999-1000. The Tenth Circuit then noted that § 1101(a)(43), in turn, defines "aggravated felony" as, among other things, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B); see United States v. Cabrera-Sosa, 81 F.3d at 1000. The Tenth Circuit further stated:

> Under section 924(c)(2), . . . "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.) . . . . "For a drug offense to come within this statute, and, in turn, to meet the definition of 'aggravated felony,' it must meet two criteria: first, the offense must be punishable under one of these three enumerated statutes; and second, the offense must be a felony.

United States v. Cabrera-Sosa, 81 F.3d at 1000 (citations omitted).

The amendments to § 2L1.2, effective November 1, 2001, contained a new definition of "drug trafficking offense," which does not include simple possession crimes. As the United States Sentencing Commission explained:

> This amendment . . . provid[es] a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony . . . . In doing so, the Commission determined that the 16-level enhancement is

>   warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months . . . . Other felony drug trafficking offenses will receive a 12-level enhancement. All other aggravated felony offenses will receive an 8-level enhancement.

U.S.S.G. app. C, cmt. to amend. 632.

The application notes to § 2L1.2 provide a section for "Application of Subsection (b)(1)," and, in section 1(B), "Definitions [f]or purposes of subsection (b)(1)[.]" In 1(B)(iv), the application note states: "'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

The application note to § 2L1.2 then provides:

>   2. **Definition of "Felony"**.–For purposes of subsection (b)(1)(A), (B), and (D), "felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.
>
>   3. Application of Subsection (b)(1)(C).–
>
>   >   (A) Definitions.–For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in . . . 8 U.S.C. 1101(a)(43)[], without regard to the date of conviction for the aggravated felony.
>
>   >   (B) In General.–The offense level shall be increased under subsection (b)(1)(C) for any aggravated felony (as defined in subdivision (A)), with respect to which the offense level is not increased under subsections (b)(1)(A) or (B).

U.S.S.G. § 2L1.2 cmt. n. 2, 3 (2001).

The application notes to the 2003 amendment also explain the reason for the 2001

amendment:³

> Reason for Amendment: In 2001 the Commission comprehensively revised § 2L1.2 (Unlawfully Entering or Remaining in the United States) to provide more graduated enhancements at subsection (b)(1) for illegal re-entrants previously deported after criminal convictions. . . .

U.S.S.G. app. C, cmt to amend. 658. The Commission further explained its reasoning in the application notes to the 2001 amendment:

> This amendment responds to concerns raised by a number of judges, probation officers, and defense attorneys . . . that § 2L1.2 . . . sometimes results in disproportionate penalties because of the 16-level enhancement provided in the guideline for a prior conviction for an aggravated felony. The disproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16-level enhancement as a defendant previously convicted of simple assault. . . .

U.S.S.G. app. C, cmt to amend. 632.

The post-2001 Amendment § 2L1.2(b) provides in relevant part:

(b) Specific Offense Characteristics

   (1) Apply the greatest if the defendant was deported, or unlawfully remained in the United States, after–

   (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;

   (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

   (C) a conviction for an aggravated felony, increase by 8 levels . . . .

---

³ The Commission also amended § 2L.1.2 in 2003, but those changes are not relevant here.

U.S.S.G. § 2L1.2(b)(1).

The Tenth Circuit has recently held that a state felony conviction of simple possession of a controlled substance is an "aggravated felony" under the amended U.S.S.G. § 2L1.2(b)(1)(C). See United States v. Castro-Rocha, 323 F.3d 846, 851 (10th Cir. 2003); United States v. Morales-Cervantes, 85 Fed.Appx. 665, 2003 WL 22905235, at *666 (10th Cir. 2003)(unpublished decision). With the guidelines characterizing a felony simple possession conviction as an aggravated felony, the warranted increase is 8 levels. See U.S.S.G. § 2L1.2(b)(1)(C).[4] Several other Circuits that have considered the same question have reached the same conclusion. See United States v. Ramirez, 344 F.3d 247, 249 (2d Cir. 2003)(concluding "that a felony drug possession conviction qualifies as an 'aggravated felony' under § 2L1.2(b)(1)(C)"); United States v. Soberanes, 318 F.3d 959, 961 (9th Cir. 2003)(holding that a prior conviction for attempted possession of more than eight pounds of marihuana is an "aggravated felony" within the meaning of U.S.S.G. § 2L1.2(b)(1)(C)); United States v. Caicedo-Cuero, 312 F.3d 697, 699, 711 (5th Cir. 2002)(finding that the defendant's prior conviction for "'state jail felony' offense of possession of marihuana" "qualifies as a 'felony' for purposes of the aggravated felony provisions . . . .").

In reaching this conclusion, the Tenth Circuit applied the following analysis:

[T]he application notes to § 2L1.2(b)[(1)(C)] specifically incorporated the definition of "aggravated felony" currently set out in 8 U.S.C. § 1101(a)(43). See [United States v.] Cabrera-Sosa, 81 F.3d at 999-1000. Section 1101(a)(43), in turn, defines "aggravated felony" as, inter alia, "illicit trafficking in a controlled substance (as

---

[4] The district court in United States v.Castero-Rocha concluded that the defendant's prior Texas state drug conviction constituted an "aggravated felony." 323 F.3d at 851. See id. at 848 (stating that defendant "was convicted in Texas state court of possession of a controlled substance . . . . The conviction for simple possession amounted to a felony under Texas law"). Section 802 of Title 21 defines the term "felony" as any federal or state offense that federal or state law classifies as a felony. See 21 U.S.C. § 802(13).

>  defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." See [United States v.] Cabrera-Sosa, 81 F.3d at 1000 (quoting 8 U.S.C. § 1101(a)(43)(B)).  As to the further incorporation of 18 U.S.C. § 924(c)[(2)], . . . "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. [§ ] 801 et seq.) . . . ." 18 U.S.C. § 924(c)(2).  "For a drug offense to come within this statute, and, in turn, to meet the definition of 'aggravated felony,' it must meet two criteria: first, the offense must be punishable under one of these three enumerated statutes; and second, the offense must be a felony." United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir.1994).

United States v. Castro-Rocha, 323 F.2d at 849.  Under this analysis, felony possession of a controlled substances constitutes an aggravated felony as defined by 18 U.S.C. § 924(c)(2), 1101(a)(43).

## II. SIMPLE POSSESSION IS STILL AN AGGRAVATED FELONY UNDER THE 2001 SENTENCING GUIDELINE AMENDMENTS.

In United States v. Castro-Rocha, the Tenth Circuit reasoned that, under the 2001 Amendment to the sentencing guidelines, "the Sentencing Commission intended a conviction for simple possession of a controlled substance qualify for the 8-level enhancement set out in U.S.S.G. § 2L1.2(b)(1)(C)." United States v. Castro-Rocha, 323 F.3d at 851.  Under the pre-2001 sentencing guidelines, a defendant with a prior conviction that was an aggravated felony received a base offense level increase of 16.  See  U.S.S.G. § 2L1.2(b) (2000).  In the 2001 Amendments, the Sentencing Commission created a more specific division of prior felonies, accompanied with varying base offense levels according to the felony's seriousness.  See id. § 2L1.2(b)(2001); id. app. C, cmt. to amend. 632 (2001).

In United States v. Castro-Rocha, the Tenth Circuit held that the 2001 Amendments did not affect the categorization of simple possession of a controlled substance as an aggravated felony. United States v. Castro-Rocha, 323 F.3d at 850.  Instead, the 2001 Amendments provided for fewer

level enhancements for aggravated felonies that do not qualify as felonies under § 2L1.2(b)(A) or (B). See id. Simple possession, therefore, is still an aggravated felony under the 2001 Amendments and warrants a base level increase of 8 (in contrast to 16 under the pre-2001 Amendment Guidelines).

### III. AGGRAVATED FELONY UNDER U.S.S.G. § 2L1.2(b)(1)(C) VERSUS DRUG TRAFFICKING OFFENSE PURSUANT TO U.S.S.G. § 2L1.2(b)(1)(A), (B).

Under the current sentencing-guideline scheme, therefore, illicit drug trafficking appears in two different contexts. First, there is the definition of a drug trafficking offense, which applies to the entire section U.S.S.G. § 2L1.2(b)(1):

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the **possession of a controlled substance** (or a counterfeit substance) **with intent to** manufacture, import, export, **distribute**, or dispense.

U.S.S.G. § 2L1.2(b) cmt. n. 1(B)(ii) (emphasis added). Under this, simple possession with no intent to distribute would not be a drug trafficking offense.

Simple drug possession, however, is considered drug trafficking if punishable under the Controlled Substance Act and by more than one year in prison. See 18 U.S.C. §§ 924(c)((2), 1101(43)(B). The question arises, then, whether the two definitions of drug trafficking may co-exist within one statutory scheme, or if one definition preempts the other.

When analyzing whether simple possession was an aggravated felony after the 2001 Amendments, the Tenth Circuit expressly adopted the reasoning from a Ninth Circuit's decision, United States v. Soberanes, 318 F.3d 959 (9th Cir. 2003). See United States v. Castro-Rocha, 323 F.3d at 850-51. As the Ninth Circuit explained:

> . . . First, application note 1, defining "drug trafficking offense," facially limits its reach. The application note says that it is to be used "[f]or purposes of subsection

-8-

> (b)(1)." It does not claim to have any force for the purposes of 8 U.S.C. § 1101(a)(43)(B). Thus, application note 1's definition applies to the use of "drug trafficking offense" only when that term appears verbatim within the text of the guideline itself, namely, in U.S.S.G. § 2L1.2(b)(1)(A), (B), and (E).
>
> Second, a fundamental canon of statutory interpretation holds that, when there is an apparent conflict between a specific provision and a more general one, the more specific one governs, regardless of the priority of the provisions' enactment. Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1013 (9th Cir.2000). Application note 1 states that its definition of "drug trafficking offense" applies to all of subsection (b)(1). U.S.S.G. § 2L1.2, cmt. n. 1. Under that application note, simple possession is not a drug-trafficking offense. However, application note 2 supplies a special rule that applies only with respect to subsection (b)(1)(C), namely, that the definition of "aggravated felony" is to be determined by reference to 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, cmt. n. 2. Under that statute, simple possession can be an aggravated felony. [United States v.] Ibarra-Galindo, 206 F.3d [1337,] 1339 [(9th Cir.2000)]. Because the application note requiring courts to look to 8 U.S.C. § 1101(a)(43) when applying U.S.S.G. § 2L1.2(b)(1)(C) is more specific than the one mandating a general rule for all of subsection (b)(1), the former takes precedence over the latter.
>
> Finally, application note 2 states that "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." That statutory provision defines an "aggravated felony" as a "drug trafficking crime (*as defined in* section 924(c) of Title 18 )." (Emphasis added.) Section 1101(a)(43) does not state that an aggravated felony is a "drug trafficking offense (as defined in application note 1 of U.S.S.G. § 2L1.2)." To accept Defendant's interpretation we would have to ignore the text of the statute, which requires us to define "drug trafficking crime" through reference to § 924(c) and the statutes it cites.

See United States v. Castro-Rocha, 323 F.3d at 850-851 (quoting United States v. Soberanes, 318 F.3d 959, 963-64 (9th Cir. 2003)(footnotes omitted)). The Tenth Circuit stated "[t]he decision to carry forward the term 'aggravated felony[]' . . . makes clear the Sentencing Commission intended that state felony convictions for simple possession qualify for the 8-level enhancement set out in § 2L1.2(b)(1)(C)." United States v. Castro-Rocha, 323 F.3d at 851. Under this analysis, therefore, simple possession can constitute a drug trafficking offense, making it an aggravated felony, even though simple possession is excluded from the definition of general drug trafficking applicable to

U.S.S.G. § 2L1.2(b)(1).

## IV. JUDGE HIGGINBOTHAM'S OPINION ON <u>UNITED STATES V. CAICADO-CUERO</u>.

In <u>United States v. Caicedo-Cuero</u>, the issue was whether the district court erred in determining that the defendant's "state jail felony" conviction for single possession of marihuana constituted a felony for purposes of 8 U.S.C. § 1326(b)(2)'s heightened maximum statutory sentence for prior aggravated felonies and the 8-level aggravated felony enhancement under Sentencing guidelines § 2L1.2(b)(1)(C). <u>See</u> 312 F.3d at 698. The second issue was whether the trial court erred in concluding that his prior conviction was for a "drug trafficking crime" and therefore an aggravated felony under the 2001 version of § 2L1.2(b)(1)(C). <u>See</u> <u>id.</u> The United States Court of Appeals for the Fifth Circuit affirmed.

### A. FIRST ISSUE: WHETHER SIMPLE POSSESSION IN TEXAS CONSTITUTES A FELONY FOR PURPOSES OF 8 U.S.C. § 1326(b)(2).

The defendant received a sentence of five years deferred adjudication probation for the "state jail felony" offense of possession of marihuana. After he was deported, he illegally reentered the United States. The district court calculated the sentence based on the conclusion that the defendant's prior conviction qualified as an aggravated felony under § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C). Section 1326(b)(2) mandates that a defendant "whose removal was subsequent to a conviction for commission of an aggravated felony" be susceptible to a maximum sentence of twenty years. Moreover, U.S.S.G. § 2L1.2(b)(1)(C) provides that a defendant previously removed after commission of an aggravated felony should receive an 8-level offense enhancement.

The defendant urged at sentencing that his prior crime did not constitute an aggravated felony because, as a first-time offender, he was susceptible only to community supervision, and the definition

of "felony" applicable in determining whether his prior crime constituted an aggravated felony requires the crime to be punishable by over a year in prison. The district court reasoned that, although Texas law mandated suspension of the term of imprisonment and imposition of community supervision for first-time offenders, the applicable statutory range of punishment for his offense was still 180 days to two years of incarceration. The district court characterized the mandatory probation provision for first-time offenders but did not otherwise alter the statutory maximum punishment.

The defendant additionally objected to imposition of the aggravated felony enhancement on the basis that his prior conviction for simple possession did not constitute a "drug trafficking crime" under the 2001 version of the Sentencing Guidelines. The district court relied upon United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), which held that, under a prior version of § 2L1.2, a state felony conviction for simple possession constituted a drug trafficking crime and therefore an aggravated felony warranting an offense level enhancement.

The Fifth Circuit noted that the primary support for the defendant's position lies in United States v. Robles-Rodriguez, 281 F.3d 900 (9th Cir. 2002), which held that a state drug conviction for which the maximum penalty was probation could not be an aggravated felony triggering a sentence enhancement under § 2L1.2. See id. at 901. In United States v. Robles-Rodriguez, the Ninth Circuit concluded that, despite that state law described the crimes as felonies, they were not felonies for purposes of the aggravated felony enhancement because the maximum sentence to which the defendant was subject under state law was probation. See 281 F.3d at 902. The Ninth Circuit noted the commentary to § 2L1.2 provides its own definition of "felony offense," which is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n. 2. See United States v. Robles-Rodriguez, 281 F.3d at 906. The commentary also

-11-

provides, however, that "'aggravated felony' is defined at 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2 cmt. n. 3(A) Section 1101(a)(43) contains a list of aggravated felonies, which includes "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43). The Ninth Circuit noted that this section defines a "drug trafficking crime" as "any felony punishable under the Controlled Substance Act [CSA] (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c). See United States v. Robles-Rodriguez, 281 F.3d at 903.

As the defendant's prior conviction for simple possession qualified as a crime punishable under the CSA, the court looked to the CSA's definition of "felony," which is found in 21 U.S.C. §802(13), to determine whether the crime was indeed a felony punishable under the CSA. That section defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. §802(13). The United States argued that the defendant's prior convictions were felonies because Arizona law labeled the crime as a felony.

The Ninth Circuit determined that incorporation of § 802(44)'s "imprisonment for more than one year" requirement into § 802(13)'s felony definition corresponded to Congress's "longstanding practice of equating the term 'felony' with offenses punishable by more than one year's imprisonment," and gave proper deference to a state's decision to treat simple drug possession "as a medical problem best handled by treatment and education, not by incarceration." United States v. Robles-Rodriguez, 281 F.3d at 904-05 (citations and quotations omitted).

In United States v. Caicedo-Cuero, the Fifth Circuit first rejected the United States' contention that it had already decided the issue. The Fifth Circuit stated that the cases cited by the United States held that the defendants' prior convictions for simple possession were drug trafficking crimes and therefore aggravated felonies because they were felonies under state law and punishable,

albeit as misdemeanors, under the Controlled Substance Act. See United States v. Caicedo-Cuero, 312 F.3d at 703. As the Fifth Circuit found in United States v. Hinojosa-Lopez, the definition of drug trafficking crime encompassed two separate elements: "(1) that the offense be punishable under the Controlled Substance Act . . . ; and (2) that the offense be a felony." 130 F.3d at 694 (quoting United States v. Restrepo-Aguilar, 74 F.3d 361, 364 (1st Cir. 1996)). If a crime is a felony "under applicable state law and [i]s punishable under the [CSA]," it is a drug trafficking crime." United States v. Hinojosa-Lopez, 130 F.3d at 694. The State of Texas labeled the defendant's prior state conviction for simple possession as a felony, and it was punishable by a life term. See id. Similarly, in United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), the conviction for simple possession was a class three felony under Colorado law. See id. at 506. The Hinojosa-Lopez and Hernandez-Avalos courts both relied upon United States v. Restrepo-Aguilar, which held that the definition of "felony" found in 21 U.S.C. § 802(13), that is, "any Federal or State offense classified by applicable Federal or State law as a felony," is applicable in determining whether a prior drug crime is an aggravated felony. See 74 F.3d at 365.

In United States v. Caicedo-Cuero, the United States also argued that, despite the requirement that Texas state courts suspend the confinement sentences of state jail felons in favor of community supervision, such felons nevertheless were exposed to a sentence of up to two years' incarceration, because upon revocation of community supervision these individuals could be required to serve such imprisonment. See 312 F.3d at 703. The Fifth Circuit found support for the United States' position in United States v. Arellano-Torres, 303 F.3d 1173, 1180 (9th Cir. 2002), which found that a defendant convicted under a state law that provided for a maximum punishment of more than one year but, at the same time, required suspension of the sentence and imposition of probation, was a

felony for purposes of the aggravated felony enhancement. At sentencing, the district court enhanced the defendant's sentence by 8 levels, categorizing his prior conviction as an aggravated felony. See id. at 1176. The Ninth Circuit reasoned: "Because a first-time offender's probation may be revoked in favor of imprisonment, the maximum penalty for first-time simple drug possession in Nevada is not probation but rather four years in prison." Id. at 1179. In United States v. Arellano-Torres, the Ninth Circuit further distinguished Nevada law from the Arizona statute at issue in Robles-Rodriguez: "Arizona's statutory scheme . . . is materially different . . . because a first time offender in Arizona will never be incarcerated for more than one year in connection with his first-time offense, even if he repeatedly violates probation." Id. After finding the Ninth Circuit's reasoning in United States v. Arellano-Torres persuasive, the Fifth Circuit, in United States v. Caicedo-Cuero, stated: "Even assuming the applicable definition of felony for purposes of the aggravated felony enhancement requires a maximum punishment of over one year, the Texas law on state jail felonies in effect at the time [the defendant's] conviction demonstrates that [his] prior crime was a felony." 312 F.3d at 704. See G. Dix & R. Dawson, 43A Tex. Practice Series: Criminal Practice and Procedure § 39.16 (2001); State v. Mancuso, 919 S.W. 2d 86, 90 (Tex. Crim. App. 1996)(McCormick, J. dissenting)("Section 12.35(a) and the community supervision law in Article 42.12, Section 15, were enacted primarily to ease prison overcrowding."). The Fifth Circuit found that the purpose of state jail felonies was to relieve the pressures of prison overcrowding by mandating that, in most cases, courts suspend imposition of a sentence and instead impose a term of community supervision. See United States v. Caicedo-Cuero, 312 F.3d 704.

The Fifth Circuit noted that the Texas state jail felony law, which mandated probation for first-time offenders and yet provided for imposition of a jail term upon revocation of probation,

-14-

constituted both a realistic response to prison overcrowding and an attempt to preserve the legislature's judgment that state jail felonies were indeed still felonies in substance. See id. at 704-05.

In sum, the Fifth Circuit found that the defendant's prior conviction qualifies as a "felony" for purposes of the aggravated felony provisions regardless of which definition of "felony" is applied. See id. at 705-06; United States v. Landeros-Arreola, 260 F.3d 407, 413 (5th Cir. 2001)("[O]ur prior cases indicate that defendants who receive suspended sentences [for crimes of violence] or who avoid a determined period of incarceration by a process which suspends serving the term of imprisonment remain subject to the aggravated felony definition.")(citations and quotations omitted). In contrast, the Fifth Circuit has found that "the enhancement does not apply when a defendant is directly sentenced to probation, with no mention of suspension of a term of imprisonment." United States v. Landeros-Arreola, 260 F.3d at 410 (internal quotations and citations omitted). Texas not only categorized the defendant's previous crime in United States v. Caciedo-Cuero as a felony, but also provided for a maximum term of imprisonment of two years. See 312 F.3d at 706. The Fifth Circuit concluded that the district court did not err in concluding that the defendant's drug possession conviction was a qualifying felony.

    **B.    SECOND ISSUE: WHETHER SIMPLE POSSESSION IS A DRUG TRAFFICKING CRIME AND THEREFORE AN AGGRAVATED FELONY UNDER THE 2001 VERSION OF § 2L1.2 (b)(C).**

The second issue in United States v. Caicedo-Cuero was whether the district court correctly found that the defendant's prior conviction for drug possession qualified as a "drug trafficking crime" and therefore an aggravated felony under the 2001 version of § 2L1.2. The district court found that U.S.S.G. § 2L1.2(b)(1)(C) required enhancement of the defendant's sentence by an additional 8 levels not only because his prior conviction constituted a felony, but also because it constituted a drug

-15-

trafficking crime and therefore an aggravated felony.

In <u>United States v. Hinojosa-Lopez</u>, the Fifth Circuit held that a felony conviction for simple possession of a controlled substance constituted a drug trafficking crime under 18 U.S.C. § 924(c) and therefore an aggravated felony under the prior versions of § 2L1.2. <u>See</u> 130 F.3d at 693-94. Section 924(c)(2) defines a "drug trafficking crime" as any felony punishable under the Controlled Substances Act. 18 U.S.C. § 924(c)(2)(1994). <u>See</u> <u>United States v. Hinojosa-Lopez</u>, 130 F.3d at 694 (reasoning that, as long as the offense is a felony under state law, it is a drug trafficking crime under § 924(c)(2), and therefore an aggravated felony, even though it is only punishable as a misdemeanor under federal law). In 2001, the Commission amended § 2L1.2 to allow for a 16-level enhancement only if the prior felony conviction was for "(i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ." U.S.S.G. § 2L1.2(b)(1)(A). Section 2L1.2 also states that a court should impose an 8-level increase if the prior conviction was for an "aggravated felony." <u>Id.</u> § 2L1.2(b)(1)(C).

"Drug trafficking offense" is now defined in the application notes as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). As the United States conceded in <u>United States v. Caicedo-Cuero</u>, this definition clearly excludes simple possession of a controlled substance. <u>See</u> 312 F.3d at 707. The application notes, however, still explain that an "'aggravated felony' has the meaning given that term in . . . 8 U.S.C. §1101(a)(43)[] . . . ." <u>See</u> § 2L1.2 cmt. n.3(A). By continuing to reference §1101(a)(43) for its definition of aggravated felony, § 2L1.2 persists in labeling § 924(c)(2) drug

trafficking offenses, including simple possession, as aggravated felonies. Thus, this guideline implicates two distinct -- and conflicting -- definitions of drug trafficking crimes.

The Fifth Circuit stated that the drug trafficking offense definitions provided in the commentary to § 2L1.2 apply to the reference to "drug trafficking offense" in the guideline's 16- and 12- level enhancement provisions. United States v. Caicedo-Cuero, 312 F.3d at 707. The question, however, is whether this definition also applies to those drug trafficking crimes considered aggravated felonies warranting 8-level increases.

In United States v. Ramirez, No. 01-CR-888, 2002 WL 31016657 (S.D. N.Y. Sept. 9, 2002), the court reasoned that, if simple possession were truly a drug trafficking crime for purposes of the aggravated felony enhancement, it should also be a drug trafficking crime for purposes of the 16- and 12-level enhancement provisions that apply specifically to drug trafficking crimes, a result the court deemed : "Kafkaesque." Id. at *2. In United States v. Caicedo-Cuero, the Fifth Circuit disagreed with the District Court of New York's reasoning, concluding that the definition of "drug trafficking crime" found in § 2L1.2 does not supercede that in 8 U.S.C. §1101(a)(43) for purposes of the aggravated felony enhancement. See 312 F.3d at 708-09.[5] Judge Higginbotham stated that, although § 2L1.2 renders the guidelines less clear than desirable, § 2L1.2's implication of two distinct definitions of drug trafficking crimes is neither repugnant to principles of statutory construction nor inconsistent with the Sentencing Commission's prior practice. See id.

---

[5] After the Fifth Circuit decided United States v. Caicedo-Cuero, the United States Court of Appeals for the Second Circuit reviewed the District Court of New York's decision in United States v. Ramirez, No. 01-CR-888, 2002 WL 31016657 (S.D. N.Y. Sept. 9, 2002). The Second Circuit reversed the district court's decision, holding that, like the Fifth Circuit in United States v. Caicedo-Cuero, a simple drug possession conviction constituted an aggravated felony, warranting an 8-level increase under § 2L1.2(b)(1)(C).

Judge Higginbotham concluded that the Commission developed two categories of crimes of violence and drug trafficking offenses, separating those acts that are more serious from those that are less so. See 312 F.3d at 711. Therefore, the narrow definitions of crimes of violence and drug trafficking offenses in the provisions requiring the 16- and 12-level enhancements lists more severe crimes. See id. Section 1101(a)(43)'s definitions apply to less severe aggravated felonies that warrant the 8-level enhancement. See id. The commentary to these amendments does not imply that crimes like simple assault or simple drug possession should be erased altogether from the category of aggravated felonies, which would be the result if the narrower definition of "crimes of violence" and "drug trafficking offenses" applied to both the 16- and 8-level enhancements. See id. Rather, the commentary makes clear that the amendments' purpose was to apply a graduated scheme of penalties to aggravated felonies depending on their severity. See id.

## ANALYSIS

The United States' contention that the simple possession of a controlled substance is a drug trafficking felony warranting a 12-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(B) fails in light of the current sentencing guideline scheme and Tenth Circuit precedent.

The definition of drug trafficking for U.S.S.G. § 2L1.2(b)(1)(A), (B), and (E) requires an intent to distribute the controlled substance, thereby excluding simple possession. In contrast, simple possession may be drug trafficking under 18 U.S.C. §§ 924(c), 1101(43)(B) for the purposes of establishing it as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). Because, however, simple possession is not drug trafficking as defined for U.S.S.G. § 2L1.2(b)(1)(B), it would be against statutory construction and the intent of the Sentencing Commission to extend the definition incorporating simple possession into this sub-section.

The Court finds further support for its conclusion that a simple possession of a controlled substance conviction is not drug trafficking felony in the commentary to the 2001 Amendments. The Sentencing Commission, in enacting the amendment, sought to establish varying degrees of severity between different offenses. Directing that a prior conviction for simple possession be computed on the same degree of severity as possession with the intent to distribute would undermine the structure the Commission intended to create in the 2001 Amendments.

The Court, therefore, disagrees with the United States' argument that simple possession of a controlled substance may be considered a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(B). Under the interpretation of the term "aggravated felony" set out in <u>United States v. Cabrera-Sosa</u>, the Defendant is subject to the 8-level increase set out in the new version of § 2L1.2(b)(1)(C). For these reasons, the Court, at the sentencing hearing, ordered that the Defendant's prior conviction for simple possession of a controlled substance warrants a base level increase of 8 levels.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
  District of New Mexico
Alfred Juarez Perez
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorneys for the United States*

Herman E. Ortiz
Garfield, New Mexico

    *Attorney for the Defendant*